JOSHUA MIZELL, *Appellant,* v. COUNTY OF DESOTO AND
OTHERS, *Appellees.*

The issuance of County Warrants, admittedly illegal in part, and
containing provisions that might render them negotiable,
should be enjoined.

Appealed from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the
court.

*James F. Glen,* for Appellant;

*Treadwell & Treadwell* and *R. E. Brown,* for Appellees.

COCKRELL, J.—This is an appeal from an interlocutory
order, refusing a temporary injunction against the per-
formance of a contract between the county of DeSoto and
a partnership known as The Read-Parker Construction
Company for building a court house.    The order was
based upon the finding that the former court house had
been torn down and the contractors had expended about
one-half the amount of their bid, when the injunction was
asked; the validity of the contract in many of its features
was not adjudged upon at this summary hearing, and we
shall likewise pass them over as premature, or perhaps not
requiring immediate action.    There is, however, one pro-
vision as to which we feel the complainant was entitled
to a restraining order.    The so-called "warrants" to *be*
issued by the county to the contractors are without au-
thority of law, partaking rather of the nature of bonds,
which may only be issued by a vote of the county, and it
is not safe to say that these "warrants" are non-negotiable
and maybe defended against in the hands of others.    It is

admitted that they have illegal provisions, and yet the county commissioners seek to estop the county from asserting any defense to them. While it is true they are payable out of a designated fund to be thereafter levied, a special court house tax, yet it may be debatable, whether in the language of the Negotiable Instrument Law, the language of the warrants may not be construed as an indication of a particular fund out of which re-imbursement is to be made;" negotiability as applied to municipal securities is in some respects unique, and the safer course is to avoid the possibility of future litigation.

The order is reversed, with directions to modify as above indicated.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCKER, J. J., concur.